UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-21349-CIV-SEITZ/O'SULLIVAN

EMILIO PINERO,
    Plaintiff,

v.

4800 WEST FLAGLER, L.L.C.,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Defendant's Final Verified Motion for Attorneys' Fees, Costs and Expenses (DE # 158, 9/25/10). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Patricia A. Seitz, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636 (b). Having carefully considered the pertinent filings, the record and the applicable law, the undersigned respectfully recommends that the Defendant's Final Verified Motion for Attorneys' Fees, Costs and Expenses (DE # 158, 9/25/10) be GRANTED in part and DENIED in part as more fully discussed below.

## BACKGROUND AND FACTS

On May 20, 2009, the plaintiff filed a Complaint with this Court seeking injunctive relief pursuant to Title III of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12181, *et seq.* *See* Compl. (DE # 1, 5/20/09). On July 30, 2009, the plaintiff filed his Amended Complaint (DE # 17, 7/30/09).[1]

---

[1] The plaintiff filed another document with the title "Amended Complaint" on July 29, 2009 (DE # 15, 7/29/09) which was withdrawn on July 30, 2009 (DE # 16, 7/30/09).

The plaintiff is a disabled person as defined by the ADA and requires a wheelchair for mobility purposes. *See* Am. Compl. (DE # 17 at 2, 7/30/09). The defendant is a Limited Liability Company that owns a professional/retail building located at 4800 West Flagler Street, Miami, Florida. *See* Def.'s Mot. for J. as a Matter of Law (DE # 136 at 3, 7/26/10). The defendant is responsible for the daily operation and maintenance of the common areas of the building in question. *See Id.* The plaintiff's physician has an office in the building owned by the defendant whom the plaintiff has visited several times a year since June of 2007. *See Id.* at 4. The plaintiff alleged that the building owned by the defendant has unlawful barriers that prevented the plaintiff from accessing it.[2] *See* Am. Compl. (DE # 17 at ¶¶ 8, 11, 7/30/09). The defendant denied the existence of any unlawful barriers on its property and asserted affirmative and other defenses. *See* Answer (DE # 22, 8/18/09) & Revised Affirmative Defenses &

---

[2] The specific barriers that the plaintiff complained of are as follows: (1) There is no compliant accessible route from the disabled parking spaces to the facility in violation of the ADA's Accessibility Guideline (hereinafter "ADAAG") 4.3.2; (2) There is a lack of directional signage and policies in place within the facility to assist persons with disabilities in violation of the ADAAG 4.30.1-4.30.5; (3) The parking spaces designated as accessible do not have proper striping and signage designating them as accessible pursuant to ADAAG 4.6; (4) The ramp that services the main entrance violates ADAAG 4.8(2)(4); (5) The fire and smoke alarms in the non-complaint restrooms violate ADAAG 4.29; (6) The main door hardware violate ADAAG 4.13.9; (7) There are inaccessible counters and service windows which are higher than 36 inches in violation of ADAAG 7.2; (8) There are inaccessible restrooms at the facility that have non-compliant hardware on the restroom doors that are too high and require pinching and grabbing, door widths that are too narrow, non-compliant side approaches on the pull side of the restroom doors, non-compliant clear floor space and turning radius within the restroom and accessible stall, exposed pipes, non-compliant urinal height, non-compliant grab bars, non-compliant mirror height, non-compliant toilet and sink, including sink hardware, toilet seat height, toilet flush lever, non-compliant coat hooks, and lack of insulated pipes which violate ADAAG 4.22 and 4.13.9. Pl.'s Am. Compl. (DE # 17 at ¶ 11, 7/30/09).

Other Defenses (DE # 116, 6/14/10).

The Court conducted a bench trial on July 21, 2010, through July 23, 2010, and on July 26, 2010. The defendant filed a Motion for Judgment as a Matter of Law (hereinafter "Motion for Judgment") on the grounds that the plaintiff lacked standing and failed to establish a *prima facie* case. Def.'s Mot. for J. as a Matter of Law (DE # 136 at 13-17, 7/26/10). On July 26, 2010, the Court granted the defendant's Motion for Judgment and entered its Final Judgment in the defendant's favor. *See* Final J. (DE # 137, 7/26/10). The Court determined that the plaintiff did not present evidence to establish that he was in fact injured as a result of the alleged barriers, some of the alleged barriers did not constitute ADA violations or no testimony was offered as to how they constituted ADA violations, and further, even if it was assumed that they were ADA violations, the plaintiff did not offer any evidence as to how the barriers could be remedied and the involved costs as required by case law. *See* Trial Tr. (DE # 154 at 79-82, 9/14/10).

On September 25, 2010, the defendant filed its Final Verified Motion for Attorneys' Fees, Costs and Expenses (hereinafter "Verified Motion") pursuant to 42 USC § 12205, 28 USC § 1927, and Federal Rules of Civil Procedure 54 and 58. *See* Final Verified Mot. for Att'ys' Fees, Costs & Expenses (DE # 158, 9/25/10). The defendant argues in its Verified Motion that attorneys' fees, costs and expenses should be assessed against the plaintiff because the plaintiff's case was frivolous as plaintiff could not show how the barriers he complained of caused him injury personally and the plaintiff proceeded to trial with the knowledge he could not prevail even after the Court brought it to the plaintiff's attention. *See* Def.'s Final Verified Mot. for Att'ys' Fees,

Costs & Expenses (DE # 158 at 9-15, 22, 9/25/10).  The plaintiff's response argues that his claims were meritorious and points out to the Court that the defendant did not file dispositive motions despite the defendant's allegations of frivolity.[3]  *See* Pl.'s Resp. to Def.'s Verified Mot. for Att'y's Fees, Costs & Disbursements (DE # 166 at 2-4, 10/11/10).  The plaintiff also argues that the defendant's refusal to consent to trial before a Magistrate Judge resulted in a longer trial than warranted and that it would be inappropriate to pass the resulting additional costs onto the plaintiff.  *Id*. at 18-19.

## ANALYSIS

As discussed below, the undersigned recommends that the Court deny the fees, expenses and costs requested pursuant to 42 U.S.C. § 12205 and 28 U.S.C. § 1927 and award only the costs permitted by 28 U.S.C. § 1920.

### I. Entitlement to Fees, Expenses & Costs Under 42 USC § 12205

Fees, expenses and costs are permitted pursuant to 42 U.S.C. § 12205 (hereinafter "§ 12205"), which provides in pertinent part:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . .

Congress conferred upon federal courts broad discretion in determining when an award of fees is appropriate.  *See Tufaro v. Willie*, 756 F. Supp. 556, 560 (S.D. Fla. 1991)

---

[3] The defendant filed a motion to dismiss on July 20, 2009.  *See* Mot. to Dismiss (DE # 10, 7/20/09).  However, the Court dismissed it as moot because the plaintiff filed an amended complaint on July 30, 2009.  *See* Am. Compl. (DE # 17, 7/30/09) & Order (DE # 18, 7/30/09).

(citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421-22 (1978)).

Although the language of § 12205 does not differentiate between a prevailing plaintiff and defendant, "the courts have determined that the standard for deciding a defendant's motion for attorney's fees is different from that used when a plaintiff has made the motion." *Tufaro*, 756 F. Supp. at 560. The United States Supreme Court held that an award of fees to a defendant should not be routinely awarded simply because the defendant has succeeded, but only awarded where the action is found to be unreasonable, frivolous or groundless or that the plaintiff continued to litigate after it clearly became so. *See Christiansburg*, 434 U.S. at 422. To assess attorneys' fees against the plaintiff without a finding that the plaintiff's claims were frivolous, unreasonable or groundless would undercut clear Congressional intent to promote vigorous enforcement of these statutes. *Id*.

The Eleventh Circuit reaffirmed the *Christiansburg* standard and held that a district court may in its discretion award attorneys' fees to a prevailing defendant only upon a finding that the plaintiff's lawsuit was frivolous, unreasonable or without foundation. *See Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1188 (11th Cir. 1985). Further, in deciding whether a suit is frivolous, "'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Sullivan*, 773 F.2d at 1189 (quoting *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981)). Cases in which findings of "frivolity" have been sustained have typically been decided in

the defendant's favor on a motion for summary judgment or a Federal Rule of Civil Procedure 41(b) motion for involuntary dismissal because the plaintiffs did not introduce any evidence in support of their claims. *Sullivan*, 773 F.2d at 1189 (citing *Beard v. Annis*, 730 F.2d 741 (11th Cir. 1984); *Jones v. Dealers Tractors & Equip. Co.*, 634 F.2d 180 (5th Cir. 1981); *Church of Scientology of California v. Casares*, 638 F.2d 1272 (5th Cir. 1981); *Harris v. Plastics Mfg. Co.*, 617 F.2d 438 (5th Cir. 1980)). In contrast, in cases where the plaintiffs do introduce evidence sufficient to support their claims, findings of frivolity typically do not stand. *Sullivan*, 773 F.2d at 1189 (citing *White v. South Park Indep. Sch. Dist.*, 693 F.2d 1163 (5th Cir. 1982); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127 (5th Cir. 1983)).

The Eleventh Circuit in *Sullivan* outlined three factors to consider when determining whether a claim is frivolous so as to warrant an award of attorneys' fees to a defendant. *Sullivan*, 773 F.2d at 1189 (citing *E.E.O.C. v. Kimbrough Invest. Co.*, 703 F.2d 98, 103 (5th Cir. 1983); *Jones*, 656 F.2d at 1146). First, the court should consider whether the plaintiff has established a *prima facie* case. *Sullivan*, 773 F.2d at 1189. The court must then determine whether the defendant offered to settle, and whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Id*. However, the *Sullivan* Court cautioned that these factors are only general guidelines and that determinations regarding frivolity are to be made on a case by case basis. *Id*. Furthermore, in determining frivolity, the Court must view the evidence in a light most favorable to the non-prevailing plaintiff. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1179 (11th Cir. 2005) (quoting *Johnson v. Florida*, 348 F.3d 1334, 1354 (11th Cir. 2003); citing

*E.E.O.C. v. Pet, Inc.*, 719 F.2d 383, 384 (11th Cir. 1983)).

### A. *Prima Facie* Case

The plaintiff failed to establish a *prima facie* case. In order to establish a *prima facie* case of a violation of Title III of the ADA, the plaintiff must show that he is (1) disabled, (2) the defendant is a place of public accommodation and (3) he was denied full and equal treatment because of his disability. *See Access Now, Inc. v. South Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001) (citing *Tugg v. Towey*, 864 F. Supp. 1201, 1205 (S.D. Fla. 1994); *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)). Further, if the claim alleges discrimination due to an architectural barrier, the plaintiff is also required to show that it is a barrier prohibited by the ADA, the removal of which is "readily achievable."[4] *Access Now, Inc.*, 161 F. Supp.

---

[4] For facilities that existed prior to the ADA enactment date of January 25, 1993, "the ADA states that discrimination includes a private entity's 'failure to remove architectural barriers . . . where such removal is readily achievable.'" *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1272-73 (11th 2006) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). The parties do not dispute that the building at issue was built in 1972. *See* Def.'s Mot. for J. as a Matter of Law (DE # 136 at 3, 7/26/10); Ex. 3 to Pl's Resp. to Def.'s Verified Mot. for Att'y's Fees, Costs & Disbursements (DE # 166-3 at 1, 10/11/10). "The ADA defines 'readily achievable' as 'easily accomplishable and able to be carried out without much difficulty or expense.'" *See Garhright-Dietrich*, 452 F.3d at 1273 (quoting 42 U.S.C. § 12181(9)). Congress included in the ADA factors to be considered when evaluating whether removal of a barrier is "readily achievable." *See Gathright-Dietrich*, 452 F.3d at 1273. Those factors are: (1) the nature and cost of the action; (2) the overall financial resources of the facility or facilities involved; (3) the number of persons employed at such a facility; (4) the effect on resources and expenses; (5) the impact of such an action upon the operation of the facility; (6) the overall financial resources of the covered entity; (7) the overall size of the business of the covered entity; (8) the number, type, and location of the facilities; (9) the type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such an entity; and (10) the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. *Gathright-Dietrich*, 452 F.3d at 1273.

2d at 1363 (citing *Colorado Cross Disability Coalition v. Hermanson Family, L.P.*, 264 F.3d 999 (10th Cir. 2001)). In demonstrating that the barrier removal is "readily achievable," the plaintiff should present evidence of "(1) a specific design to remove the barriers alleged; (2) the cost of removal or of the proposed remedy; and (3) the effect on the finances and operation of the facility." *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1274 (11th 2006). At trial, the plaintiff did not demonstrate how he was injured by the alleged barriers, how many of the alleged barriers constituted ADA violations, and how the alleged violations could be rectified as required under the case law. *See* Trial Tr. (DE # 154 at 78-83). Hence, the plaintiff clearly failed to establish a *prima facie* case and this factor weighs in favor of a finding of frivolity.

### B. Settlement Offer

The plaintiff indicates that the defendant's only attempt to settle the case was through an offer to forgo seeking attorneys' fees from the Court if the plaintiff discontinued the action and paid the defendant's costs. *See* Pl.'s Resp. to Def.'s Verified Mot. for Attorneys' Fees, Costs & Disbursement (DE # 166 at 2, 10/11/10). In considering settlement offers as a factor in determining frivolity, the Eleventh Circuit in *Sullivan* cited a Fifth Circuit opinion that construed an offer from the defendant to take remedial measures in an effort to settle the case as potentially evidencing the defendant's culpability. *See Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985); *E.E.O.C. v. Kimbrough Invest. Co.*, 703 F.2d 98, 103 (5th Cir. 1983) ("The employer's own offer of settlement through adoption of an affirmative action plan, in the words of the district court, 'suggested the need for some steps to correct

racial imbalance in certain aspects of its work force.'")).  In the case at hand, the defendant has indicated that it did not offer to make the changes to its facility as requested by the plaintiff because it believed that it was already ADA compliant.  *See* Ex. 1 to Def.'s Verified Reply to "Pl.'s Resp. to Def.'s Verified Mot. for Att'y's Fees, Costs & Disbursements" (DE # 171-1 at 1-2, 10/20/10).  The defendant's minor attempt at settlement does not weigh for or against a finding of frivolity under *Sullivan* and *E.E.O.C.*

### C. Trial on the Merits

In considering this factor, the Eleventh Circuit in *Sullivan* cites a Fifth Circuit case which considered the district court's careful consideration and trial on the merits as weighing against a finding of frivolity.  *See Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985); *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1146 (5th Cir. 1981) ("First, the careful consideration given to the case by the district court is some indication that the suit was not frivolous.  It is important to note that the court did not dismiss the case prior to trial . . . rather, it held a full-blown trial on the merits. . . .  As the Supreme Court recently noted in Hughes, the fact that a plaintiff's claim received careful consideration by the district court may properly be taken into account in determining whether the claim was frivolous." (citing *Hughes v. Roe*, 449 U.S. 5 (1980))).

In the instant case, the Court held a bench trial for four days.  As the plaintiff points out, despite the defendant's arguments regarding the frivolity of the plaintiff's case, the defendant did not file a motion for summary judgment.  *See* Pl.'s Resp. to Def.'s Verified Mot. for Att'y's Fees, Costs & Disbursements (DE # 166 at 3, 10/11/10).  Although the defendant filed a motion to dismiss the original complaint, it was denied as

moot because the plaintiff filed an amended complaint. *See* Mot. to Dismiss (DE # 10, 7/20/09), Am. Compl. (DE # 17, 7/30/10) & Order (DE # 18, 7/30/10). The defendant did not file a motion to dismiss the amended complaint. Viewing the evidence in a light most favorable to the plaintiff, the fact that this case reached a four day trial and the defendant did not file a motion for summary judgment weighs against a finding of frivolity.

### D. Denial of Fees, Expenses & Costs Under § 12205

In considering the *Sullivan* factors, other relevant case law, the conduct of the defendant and the particular facts of this case, the undersigned recommends that the Court in its discretion deny the defendant's request for attorneys' fees, expenses and costs under § 12205.

As previously mentioned, in cases where a finding of frivolity has been sustained, the plaintiffs typically failed to introduce any evidence in support of their claims. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1176 (11th Cir. 2005) (quoting *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985)). Further, where the plaintiffs do introduce evidence sufficient to support their claims, findings of frivolity typically do not stand. *Sullivan*, 773 F.2d at 1189. In the instant case, although the plaintiff clearly fell short of demonstrating a *prima facie* case, in viewing the evidence in a light most favorable to the plaintiff, the undersigned cannot find that the plaintiff did not introduce any evidence in support of his claim. In addition to demonstrating that the removal of the purported ADA violating barriers are "readily achievable," the plaintiff was required to submit evidence that he is (1) disabled, (2) the defendant is a place of

accommodation, and (3) he was denied full and equal treatment because of his disability.  *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001).  During the plaintiff's trial, the plaintiff and his expert offered testimony regarding the plaintiff's disability and the barriers he believed he encountered as a result.  The Court indicated that it regarded the plaintiff as disabled for the purposes of the case. *See* Trial Tr. (DE # 154 at 61, 9/14/10).

The Court has broad discretion when determining whether an award of attorneys' fees is appropriate.  *See Tufaro v. Willie*, 756 F. Supp. 556, 560 (S.D. Fla. 1991) (citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *Christiansburg Garment Co. v. EEOC*, 434 US 412, 421-22 (1978)).  The *Sullivan* factors serve as general guidelines only and determinations regarding frivolity should be made by the Court on a case by case basis. *Sullivan*, 773 F.2d at 1189.  As previously discussed, despite the defendant's urging regarding the frivolity of the plaintiff's case, the defendant did not file a dispositive motion after the filing of the Amended Complaint that would have allowed the Court to dismiss the case prior to trial.  *See* Pretrial Conference Tr. at 12; Ex. 2 to Pl.'s Resp. to Def.'s Verified Mot. for Att'y's Fees, Costs & Disbursements (DE # 166-2 at 5, 10/11/10) ("because the defendant never filed the motion to dismiss in the schedule that you all worked out for yourself . . . all of these things the defendant could have done to put the case into a posture that . . . would have sort of helped [to] resolve this").  As the Court indicated at the pretrial conference, the defendant's conduct in the instant case weighs against awarding it attorneys' fees.  *See* Pretrial Conference Tr. at 23; Ex. 3 to Pl.'s Resp. to Def.'s Verified Mot. for Att'y's Fees, Costs & Disbursements (DE# 166-3 at 8,

10/11/10) ("As to the defendant, any issue as [to] attorneys fees is going to be ameliorated by the fact that I have found your legal work as expanding and exasperating the situation . . . . I feel you have compounded some of the frustration that has been visited upon the Court, and I will take that into consideration in examining any issue at the end of the trial.").

## II. Entitlement to Fees, Expenses & Costs Under 28 U.S.C. § 1927

Since the undersigned determined in the analysis above that the plaintiff's case did not reach frivolity, the undersigned will not examine whether attorneys' fees, expenses and costs should be awarded pursuant to 28 U.S.C. § 1927 because a finding of frivolity is a prerequisite to an award under 28 U.S.C. § 1927. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1180 (11th Cir. 2005) ("We first consider whether Cordoba's claims were so objectively 'frivolous, unreasonable, or groundless' as to justify a fee award under the ADA's fee-shifting provision. We address this question first because if the award cannot be upheld on this basis, then it also cannot be upheld under § 1927 or as an exercise of the court's inherent power, which both require, in addition to objective frivolity, a finding that counsel engaged in conduct that was at least 'tantamount to bad faith.'" (citing *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978); 28 U.S.C. § 1927).

## III. Entitlement to Costs Under 28 U.S.C. § 1920

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise

directs."  The defendant prevailed in the case at bar and, therefore, is entitled to receive all costs recoverable under 28 U.S.C. § 1920 (hereinafter "§ 1920").  A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of title 28; and
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28.

28 U.S.C. § 1920.  In the exercise of sound discretion, the Court is accorded great latitude in ascertaining taxable costs.  *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 619-20 (11th Cir. 2000).  However, absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in 28 U.S.C. § 1920.  *See id*. at 620; *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

The defendant requests a total of $3,154.00 in costs associated with this litigation.  See Ex. 3 to Def.'s Final Verified Mot. for Attys' Fees, Costs & Expenses (DE # 158-3 at 1-2, 9/25/10).  The plaintiff's response does not raise any objections to the

defendant's requested costs.  The defendant requests the following costs:

>  (1) Subpoena and service fees: $200.00;

>  (2) Witness fees: $315.00;

>  (3) Deposition transcripts of the plaintiff and of the plaintiff's expert: $1,364.00;

>  (4) Mediation fee: $525.00;

>  (5) Witness fee charged by the plaintiff's expert, David Goldfarb: $750.00.

*Id*.

The undersigned has carefully reviewed the particular costs requested and finds that the $750.00 witness fee charged by the plaintiff's expert for appearance at deposition is not taxable and therefore should be denied.  "[T]he recovery of witness fees under § 1920 is strictly limited by § 1821, which authorizes travel reimbursement and a $40 per diem."  *Arlington Ctr. Sch. Dist. Bd. of. Educ. v. Murphy*, 548 U.S. 291, 298 (2006).  The defendant will be allowed a $40.00 per diem fee for his expert.  Furthermore, the mediation fee of $525.00 is also not a taxable item under § 1920.  *See Reis v. Thierry's, Inc.*, No. 08-20992-CIV-Turnoff (Lenard), 2010 WL 1249076, at *3 (S.D. Fla. Mar. 25, 2010) ("Indeed, mediation costs are not recoverable under § 1920.  Local Rule 16.2.B.7 provides that, '[a]bsent agreement of the parties to the contrary, the cost of the mediator's services shall be borne equally by the parties to the mediation conference.'  Accordingly, Plaintiff's request for an award of costs as to mediation fees is DENIED.").  The remaining $1,879.00 in costs requested by the defendant are costs related to fees of the clerk and marshal, witness fees and deposition transcripts

necessarily obtained for use in the case, which are taxable under the statute. *See* 28 U.S.C. §1920. The undersigned finds that these costs are reasonable and should be awarded to the defendant pursuant to §1920 along with a $40.00 per diem fee for the defendant's expert witness. The defendant should be awarded a total of $1,919.00 in costs.

## CONCLUSION

In accordance with the above and foregoing, it is hereby

**RECOMMENDED** that the defendant's motion be **GRANTED** in part and **DENIED** in part. The undersigned recommends that the defendant be awarded no attorney fees and expenses and awarded a total of $1,919.00 in costs. The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F. 2d 745, 750 (11th Cir. 1988). *See also Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida, this 11th day of January, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Court Judge Seitz
Counsel of record